## IN THE MATTER OF THE ESTATE OF JOSE ESPINDA.

QUESTION RESERVED

FROM JUDGE OF SECOND CIRCUIT, SITTING IN PROBATE.

HEARING, DECEMBER 18, 1893.    DECISION, FEBRUARY 24, 1894.

JUDD, C.J., BICKERTON AND FREAR, JJ.

An executrix who withholds, without just excuse for an unreasonable time, money which she should have paid over to the legatees is chargeable with interest.

The executrix not using or investing the money withheld, the rate at which the interest is chargeable against her is that which the legatees could have obtained upon a safe investment, say six per cent.

OPINION OF THE COURT, BY JUDD, C.J.

In September, 1892, there was reserved by Circuit Judge Kepoikai of the Second Circuit Court sitting in Probate a question for the determination of the Supreme Court. The question arose during the settlement of the accounts of Maria Espinda, executrix of the will of Jose Espinda in the Probate Court. It is stated as follows: "It is claimed on behalf of the distributees that the executrix was chargeable with interest upon all amounts received by her and not immediately applied to the purposes of the will after the expiration of a reasonable time, say eight months from the date of her appointment. This claim was disputed and opposed by the executrix."

The agreed statement of facts shows that the testator, Jose Espinda, died October 19, 1889, leaving an estate consisting of lands, leaseholds, cattle, horses, a dairy and a dairy outfit and other personal property. H. G. Treadway was appointed temporary administrator. The will was

admitted to probate on the 16th May, 1890, and the executrix qualified in the month following.

The executrix's account shows that on the 10th May, 1890, she received from the temporary administrator $4469.14. The will, after making several specific bequests, left to the wife (the executrix) in lieu of dower, " one third of the interest derived from my real estate and personal property during her life time." All the rest of the estate the testator gave and bequeathed to his sons Manuel, Henry and Phillip, and to his daughters Mary, Mary Ann and Elizabeth, and to the testator's wife's two sons Joseph and David. In short, the widow has a life estate in one third of the property and the devisees, eight in number, have the remainder, share and share alike.

. The accounts show that the stock and other personal property was sold and various amounts realized and that the debts were paid and that the balance to be paid over to the beneficiaries was $3414.31, the amount upon which the widow is to receive the interest, and $6828.63 to be divided among the eight devisees.

This account was made by the executrix on the petition of one of the devisees and the day of hearing was appointed to be the 27th August, 1892. The matter was continued to the 10th September and after hearing, an order was made by the Probate Court approving the accounts and the executrix was relieved from further responsibility " excepting that there shall be retained from her dower until the said claim of interest shall be satisfied an amount sufficient to cover the same not exceeding $1000, until the decision of the Supreme Court in Banco thereon." The order also directed the amounts found due to be paid to the various devisees taking their receipts, &c.

We received the briefs of counsel in this submission only during the current month, although the reservation of this question was made on the 10th September, 1892. It is not our province to inquire into this delay, nor why the order of

distribution was not executed, nor with the present status of the fund.

We make these observations because we find that the statement of the reserved question is prefaced by an agreement signed by counsel for the executrix and the distributees, that "the question of interest, the various matters connected therewith, the accounts, commissions, as appears upon annexed statements from the case as heard before the Second Circuit Judge at Wailuku, and the form and matter for a final order shall be heard and determined by the Supreme Court." We cannot entertain original jurisdiction in such a case by agreement of counsel, such jurisdiction being not conferred by statute.

On the reserved question we find the law well settled that an administrator (executrix in this case) whose duty it is to collect the assets and pay the debts of the decedent and pay the legacies or devises according to the will is chargeable with interest, "when the administrator without any just reason or excuse, retains the money in his hands, unemployed, when it ought to be paid over." *Griswold vs. Chandler*, 5 N. H. 497.

7 Encycl. Law, 426, and numerous cases cited.

Generally an administrator is not chargeable with interest until the expiration of a year after the trust begins, that period being the one usually prescribed by statute for settling an estate. In this country claims against an estate must be presented within six months from publication of a notice to creditors, and unless exceptional circumstances prevent it we see no reason why an estate cannot be closed in about eight months. But as we have seen there was handed over to the executrix by the temporary administrator on May 10th, 1890, $4469.14, and her account also shows receipts from sale of horses Aug. 21, 1890, $1496.02, and on the 23rd August, 1890, receipts from sale of cattle $1256, total $7221.16. Deducting from this sum the expenditures allowed of $1263.62, and the executrix's commissions $427.88, there remain in her hands $5529.66. The devisees were

entitled to two thirds of this amount, i. e. $3686.44, and she should have distributed this sum at once. Why she did not is unexplained. It was possibly on account of ignorance of her duty. It was not required of her to await the final settlement of the estate before she made payments to those entitled to receive them.

We think she is chargeable with interest on this sum. We allow her until the 1st January, 1891, as affording ample time to make up her account and make distribution. It being dead money in her hands and she not using it or receiving interest upon it she is not chargeable with the legal rate of interest or the highest sum that could be obtained, but such a rate as the beneficiaries could have obtained upon a safe investment if paid to them. In the absence of proof of what this rate would be, we fix six per cent. as the rate, being that payable on government bonds. She accounted to the Court August 27th, 1892. The interest at 6 per cent. on $3686.44 from 1st January, 1891, to 27th August, 1892, is $366.18, and the executrix is chargeable with this sum.

The account shows that on the 4th September, 1891, the executrix received $4450, the amount of note and interest taken by her for sale of some of the decedent's property. Allowing her a month in which to distribute this sum, she should have paid it by October 4th, 1891. Her commissions on this are $222.50, leaving $4227.50. The two-thirds of this sum to which the devisees were entitled is $2818.32. Interest at 6 per cent. on this from October 4th, 1891, to August 27th, 1892, the day of the accounting, is $151.71, which is also chargeable to the executrix. Other sums received later by her are too small to be necessarily the subject of distribution before the final accounting, and we do not charge her with interest on them.

Our answer to the reserved question then, is, that the executrix is chargeable with the sum of $518.59 as interest for unreasonably and without just excuse retaining money in her hands which should have been paid over to the bene-

ficiaries.    The Circuit Judge of the Second Circuit, sitting in
Probate, is directed to settle the account in accordance with
this view.

*A. P. Peterson*, for executrix.

*W. R. Castle*, for the devisees.