## IN THE MATTER OF THE ESTATE OF S. KAIU, DECEASED.

### APPEAL FROM CIRCUIT JUDGE, FIFTH CIRCUIT.

ARGUED MAY 11, 1906.                    DECIDED MAY 21, 1906.

FREAR, C.J., HARTWELL AND WILDER, JJ.

ADMINISTRATORS.

In the absence of exceptional circumstances an administrator should wind up an estate in about eight months.

ID.—*expenditures without reasonable necessity.*

An administrator will be surcharged with expenditures not shown to have been reasonably necessary.

ID.—*claims of creditors.*

An administrator is not authorized to pay a claim which is not presented according to law. R. L., Sec. 1851.

ID.—*commissions.*

An administrator's commissions may be reduced for neglect of duties.

#### OPINION OF THE COURT BY WILDER, J.

This is an appeal by Isaac Kaiu from an order allowing the final accounts and discharge of J. H. Coney, administrator de bonis non of the estate of S. Kaiu, deceased, the objection being that several items of expenditure should not have been allowed. Coney was appointed December 2, 1899, and filed his first and final account on March 14, 1905, asking to be allowed $1058.70 and charging himself with $1825. On May 4, 1905, the day appointed for the hearing, he filed a supplementary account showing additional expenditures in 1900 and 1902 amounting to $493.36 and commissions $159.75 and $16 for costs on the final hearing. There was also a receipt of $100 since the filing of the first account, so that the account finally showed a balance due the estate of $197.19.

Before taking up the items objected to, we may say that the supplementary account of May 4, 1905, showing expenditures of nearly $500 paid in 1900 and 1902 looks very fishy, in view of the fact that the petition sworn to by the administrator and filed on March 15, 1905, purports to give a detailed statement of receipts and expenditures down to that date.

Furthermore, there appears to be no reason why this estate was not promptly wound up, the administrator discharged and the property distributed to the persons entitled long before 1905. Unless exceptional circumstances prevent an estate should be closed in about eight months. *In re Estate of Espinda,* 9 Haw. 344. All the more should an estate be closed within that time in the case of an administrator de bonis non. The least that an administrator should be compelled to do under those circumstances would be to file an annual account.

The first items objected to amount to $224, being $80 paid to George A. Davis for services rendered in court in an action re payment of rent to estate, in the matter of the assignment of mortgage, and in arranging settlement by Podmore for rents in connection with property in Honolulu, $36 for steamer fare of the administrator, the widow and the son from Kauai to Honolulu and return, and $108 for expenses in Honolulu in connection with the matter. We allow the $80 paid for attorney's fees because it does not clearly appear that the expense was incurred without reasonable justification. The other items will have to be disallowed for the reason that the record on this appeal, including the vouchers, does not show any reasonable necessity or justification for the expenditures.

The second objection is to the payment of $356.38 on February 24, 1903, to Wahine Kaiu, the widow, "in full payment of debts of S. Kaiu Estate to me." The objection is based on the ground that there is no itemized statement of this amount and that it does not appear that any claim for same was filed either with the administrator or with the administrator de bonis non. The administrator contends that it was unnecessary for the widow to file any claim. This item is disallowed, and the administrator de bonis non is surcharged with the amount thereof.

The third objection is to the payment to C. H. Bishop in September, 1902, of $385.36. The administrator de bonis non testified at the hearing that he knew that Bishop's bill was for lumber, building material, etc., had before the death of Kaiu and used for the benefit of his estate. We do not find any voucher for this expenditure at all, and there does not appear to have been any claim filed for same. The item is disallowed, and the administrator de bonis non is surcharged with the amount. The administrator is bound by the statute, which provides that a claim not duly presented is forever barred and he is not authorized to pay it. R. L., Sec. 1851.

The last objection is to the commissions charged of $159.75. This objection is based on the ground that as long as the widow's dower remains unsevered she should stand one-third of the commissions. In this case it appears that the widow received in 1900 the sum of $80 and in 1903 the sum of $138.15, which purport to be her dower. In view of the fact that the administrator de bonis non did not settle up this estate within a reasonable time, we reduce his commissions to the sum of $75.

The conclusion is that the administrator de bonis non is surcharged with the sum of $970.99, with which modification the decree appealed from is affirmed.

*J. Lightfoot, (Magoon & Lightfoot* on the brief), for Isaac Kaiu.

*W. T. Rawlins* for administrator.